UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES C. MAXEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA and DOES 1 through 99, et al.,<br><br>　　　　Defendants. | No.  2:15-cv-01507-MCE-CKD PS<br><br><br>**ORDER** |

　　　　Plaintiff James C. Maxey ("Plaintiff") moves for a temporary restraining order ("TRO") and seeks placement in protective custody, on grounds that he has been exposed for the past forty-five years to "satellite microchip implant technology" surgically inserted into his brain, eyes and body by physicians with the United States Air Force and United Kingdom.  TRO, ECF No. 1, ¶ 10.  He alleges that from November 15, 2013 to the present, Defendant State of California has subjected him to intimidation, physical assault, coercion, and technology in order to prevent public disclosure of the fact that Plaintiff has "involuntarily served as a 'slave', 'biological robot', and 'guinea pig' for national security, chemical warfare, medical and scientific research and development." Id. at ¶¶ 11, 38. Plaintiff further contends that the State of California uses "Remote Neural Monitoring, surveillance and observation of [his] belongings, person and surroundings through the use of electronic listening advices, video recording, special

1

imaging and every other means of tracking and monitoring Plaintiff's every movement inside and outside of his residence." Id. at ¶ 40.

Plaintiff contends that he continues to suffer irreparable harm sufficient to justify a temporary restraining order because he continues to be "immeasurably physical injured . . . . through the intentional laser beam electronic shock and radiation treatment delivered by law enforcement operatives." Pl.'s Aff. in Supp. of TRO, 22:17-19. According to Plaintiff, as a result he is subject to the ongoing threat of "depression, cancer, leukemia, heart attacks, strokes, aneurysms, insomnia, brain tumors, long and especially short term memory loss, short catatonic states, cataracts, Alzheimer's disease with loss of short term memory first." Id. at 22:24-28.

In order to qualify for injunctive relief, Plaintiff must, at minimum, demonstrate a "fair chance of success" that his claims will ultimately prevail on their merits. See, e.g., Johnson v. Calif. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995). This means that Plaintiff must demonstrate some likelihood of obtaining a favorable result in his case in chief. See A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1015, fn.3 (9th Cir. 2001). No matter how severe or irreparable the injury asserted, an injunction should never issue if the moving party's claims are so legally untenable that there is virtually no chance of prevailing on the merits. State of Texas v. Seatrain Int'l, S.A., 518 F.2d 175, 180 (5th Cir. 1975).

The inherent implausibility of the claims asserted by Plaintiff makes it impossible for this Court to conclude there is any likelihood he will ultimately prevail. On that basis alone, the requested temporary restraining order cannot issue. Plaintiff's Motion for Ex Parte Injunctive Relief (ECF No. 1) is accordingly DENIED.

IT IS SO ORDERED.

DATED: July 14, 2015

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT